UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRIAN THOMPSON**                                              **CIVIL ACTION**

**VERSUS**

**GERALD LANE, ET AL.**                                         **NO.: 12-00526-BAJ-SCR**

### RULING AND ORDER

Before the Court is a **Motion to Consolidate (Doc. 15)**, filed by Plaintiff Brian Thompson ("Thompson"), seeking an order from this Court consolidating the above captioned matter with the following civil matters: (1) No. 12-00503, *Eric Angeletti v. Gerald Lane, et al.*; (2) No. 12-00522-BAJ-SCR, *Marc DiLeo v. Gerald Lane, et al.*; (3) No. 12-00523, *Timothy James v. Gerald Lane, et al.*; (4) No. 12-00524, *Justin Offord v. Gerald Lane, et al.*; (5) No. 12-00527, *Dwayne Postell v. Gerald Lane, et al.*; (6) No. 12-0052*8*, *Byron Hall v. Gerald Lane, et al.*; (7) No. 12-00529, *Terry Bell v. Gerald Lane, et al.*; (8) No. 12-00530, *Tonya Harmason v. Gerald Lane, et al.*; (9) No. 12-00531, *Shawntel Johnson v. Gerald Lane, et al.*; and (10) No. 12-00532, *Ubiel Gonzalez v. Gerald Lane, et al.* Defendants Gerald Lane, Gerry Lane Enterprises, Inc., Gerry Lane Buick-Pontiac-GMC, LLC, Chubb Insurance Company, and Federal Insurance Company (collectively "Defendants") oppose the motion. (Doc. 20.)  Oral argument is not necessary.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I.     Background**

On August 17, 2012, Thompson and ten other current and former employees of Defendants filed a single lawsuit against Defendants.[1] (Doc. 1.) The complaint alleged, *inter alia*, that Defendants unlawfully discriminated against Thompson and the ten other Plaintiffs on the basis of their race, sex, and/or national origin, in violation of Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII") and the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* On August, 24, 2012, the Court issued an order, *sua sponte*, severing Plaintiffs' single lawsuit into eleven separate lawsuits.[2] (Doc. 4.) Subsequently, Thompson filed an amended complaint (Doc. 6), and the ten other Plaintiffs filed separate complaints, in compliance with the Court's order.

As to the instant motion, Thompson seeks an order from this Court consolidating his lawsuit with the ten other Plaintiffs' lawsuits. In support of the motion, Thompson contends that the majority of Defendants' discriminatory acts took place in a communal environment (i.e., morning staff meetings led by Defendant Gerry R. Lane). Thus, each Plaintiff is a witness to Defendants' discriminatory acts against the ten other Plaintiffs, and would be required to testify at each of the eleven trials. Therefore, judicial economy necessitates consolidating all eleven lawsuits, presumably, to limit duplicative testimony.

Defendants oppose the motion and argue that it should be considered a motion for reconsideration, pursuant to Federal Rule of Civil Procedure ("Rule") 60, and denied by the

---

[1] Ten of the eleven Plaintiffs were or are currently employed by Gerry Lane Enterprises, Inc. Plaintiff Ubiel Gonzalez was employed by Defendant Gerry Lane Buick-Pontiac-GMC, LLC. (Doc. 1, ¶ 126.)

[2] Rule 21 permits a Court to issue such orders *sua sponte*. Fed.R.Civ.P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party.").

Court. In the alternative, Defendants contend that the scheduling orders issued by the assigned United States Magistrate Judge addresses almost all of the efficiency concerns raised by Thompson. Defendants further argue that the Court should not consider which, if any, lawsuits should be consolidated for trial purposes until after it rules on any impending dispositive motions.

## II.   Standard of Review

Rule 42(a) provides that when actions involving common questions of law or fact are pending before the Court, the Court may consolidate the actions or conduct a joint hearing or trial. Fed.R.Civ.P. 42(a); *see also Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984) (citing *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977) ("Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion."). The decision to consolidate is within the broad discretion of the court. *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985), *Chatham Condominium Assns. v. Century Village, Inc.*, 597 F.2d 1002, 1013-14 (5th Cir. 1979); *see also In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (even where joinder is not permitted under Rule 20, "the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only 'a common question of law or fact.'"). However, when assessing whether consolidation is appropriate, a court should consider equity and judicial economy. *Miller*, 729 F.2d at 1037. Consolidation is improper if it would prejudice the rights of the parties. *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv., Ass'n*, 712 F.2d 978, 989 (5th Cir. 1983) (citing *Dupont v. Southern Pacific Railroad Co.*, 366 F.2d 193, 195-96 (5th Cir. 1966), *cert. denied*, 386 U.S. 958 (1967)).

### III.   Analysis

#### A.   Reconsideration of the Court's Order Severing Plaintiffs Individual Claims

To the extent Thompson requests that the Court reconsider its previous order, such a request concerns an order of the Court that did not dispose of all the claims or parties. Thus, Thompson's request is governed by Rule 54(b).

Rule 54(b) permits the Court to revise an interlocutory order "at any time before entry of judgment adjudicating all of the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b); *Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 474-75 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto Rico Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991)). District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* at 475. However, motions for reconsideration based upon the same arguments previously submitted merely waste the limited time and resources of the Court. *Van Heerden v. Bd. of Supervisors of La. State Univ. and Agricultural and Mechanical College*, No. 10-155-JJB, 2010 U.S. Dist. LEXIS 61062, at *4, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Further, courts generally decline to consider arguments raised for the first time on reconsideration without adequate justification. *McClung v. Gautreaux*, No. 11-263, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).

As previously mentioned, on August, 24, 2012, the Court issued an order, *sua sponte*, severing Plaintiffs' single lawsuit into eleven separate lawsuits. (Doc. 4.) Thus, Plaintiffs nor Defendants were given the opportunity to present arguments regarding whether Plaintiffs' claims should be severed. However, nothing in the record suggests, nor

has Thompson identified, any new developments since the Court's August 24, 2012 ruling. In other words, nothing in the record suggests, nor has Thompson identified, any new issues of law or fact that would require the Court to reconsider and reverse its previous ruling. Thus, to the extent Thompson requests the Court reconsider its August, 24, 2012 order, such request is denied.

### B. Whether Thompson's Lawsuit Should Be Consolidated with the Ten Other Plaintiffs' Lawsuits

In support of the motion, Thompson contends that there are common issues of fact and law amongst Plaintiffs. Specifically, Thompson contends that at least ten of the eleven Plaintiffs worked at the same location, that all of the Plaintiffs held the same position and reported to the same management staff, and that all of the Plaintiffs have *some* claims in common. Thompson further argues that:

> [m]uch of the discrimination that occurred against plaintiff's [*sic*] occurred in a communal environment in morning meetings that were led by the owner of Defendant Gerry Lane Enterprises, Inc., Gerald R. Lane with all plaintiff's [*sic*] present. Therefore, each plaintiff is a witness to the factual allegations of the other plaintiffs. As such, separate trials would require each plaintiff to testify as an individual witness at each of the other plaintiff's trials. . . . they would each be required to testify eleven times: Once at their trial and ten other times at the trial of the other plaintiffs as they are each witnesses to the other's harassment and abuse.

(Doc. 15-1, p. 21.) Thompson further contends that because each of the eleven cases are at the initial discovery phase, consolidation will not delay the trial.

In opposition, Defendants argue that by virtue of the scheduling order issued by the assigned United States Magistrate Judge on November 29, 2012 (Doc. 19), almost all of Thompson's pretrial efficiency concerns have been addressed. Defendants point out that the parties are still engaged in discovery, and argue that the Court should not consider

which, if any, of the cases should be consolidated for trial purposes until discovery is complete and the Court rules on any impending dispositive motions. According to Defendants, if Plaintiffs' individual lawsuits are consolidated, jury confusion and prejudice to the parties are likely. Defendants further argue that Thompson's broad assertion that each Plaintiff's testimony would be admissible at the trial of each of the other Plaintiffs is incorrect because of the individualized nature of Plaintiffs' claims and the specific evidentiary standards applicable to those claims.

As noted by the United States Court of Appeals for the Fifth Circuit in *In re Air Crash Disaster*, 549 F.2d at 1013, Rule 42 should be used to expedite trial and eliminate unnecessary repetition and confusion. While the Court recognizes that there are some common issues of law and fact amongst Plaintiffs, a review of all eleven complaints reveals more differences than similarities. For example, Plaintiffs' claims under Title VII include alleged discrimination on the basis of race, sex, and national origin, harassment on the basis of race, sex, and national origin, constructive discharge, and retaliation. However, there is not one type of claim under Title VII that *all* eleven Plaintiffs share. Further, while all eleven Plaintiffs allege a wage payment claim under La. Rev. Stat. Ann. § 23:631, only one of the Plaintiffs alleges a claim under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 *et seq.*, as amended.

In support of the motion, Thompson argues that "much" of the discrimination occurred during staff meetings, and that each of the eleven Plaintiffs personally witnessed Defendants discriminate against the other Plaintiffs. However, a review of all eleven complaints reveals that, according to Plaintiffs, Defendants' discriminatory acts were effectuated by different actors and took place over the course of multiple years, at different

6

locations, and at different times of the day.  Thus, it goes against logic that each of the eleven Plaintiffs was a witness to each of the alleged discriminatory acts.

According to Thompson, separate trials would require each Plaintiff to testify as an individual witness at each of the other Plaintiff's trials.  However, Thompson assumes, without explanation, that such evidence would be admissible.  Further, Thompson fails to explain why such duplicative testimony would be "required."

Moreover, even if the Court were to consolidate Plaintiffs' individual lawsuits, each Plaintiff would be required to present individual evidence, in an attempt meet the specific evidentiary standards applicable to his or her claims.  It would be unreasonable to expect a jury to keep track of each of the eleven Plaintiffs' individual claims, applicable evidentiary standards, facts, testimony, and other evidence.  It would also be unreasonable to expect the jury to base their verdict solely on the evidence presented in each individual Plaintiffs' case, rather than all of the evidence presented during the course of the trial.  In sum, such a trial would undoubtedly result in jury confusion, create a nightmare of jury instruction, and likely result in prejudice to Defendant ***and individual Plaintiffs***.

As previously noted, the parties are still engaged in discovery.  At this stage of the litigation, it is not clear if all eleven Plaintiffs will proceed to trial, if all eleven Plaintiffs will pursue of each and every one of their individual claims at trial, whether Plaintiffs will rely on different theories of liability to support their claims, or whether the trial of Plaintiffs' claims will require the same testimonial evidence.  Thus, it is not clear whether consolidation of Plaintiffs' claims for trial purposes will result in judicial economy or prejudice to the parties.  Accordingly, the Court shall deny Thompson's motion to

consolidate at this time, without prejudice to Thompson's right to refile the motion once discovery is complete and the Court has ruled on any impending dispositive motions.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Brian Thompson's **Motion to Consolidate (Doc. 15)** is **DENIED**, without prejudice to Thompson's right to refile the motion once discovery is complete and the Court has ruled on any impending dispositive motions.

Baton Rouge, Louisiana, this 27th day of August, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**