# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **GERALD LANE, ET AL.** | **NO.: 12-00526-BAJ-SCR** |

## RULING AND ORDER

Before the Court is **Plaintiff Brian Thompson's Motion for Partial Summary Judgment (Doc. 66)**, filed by Plaintiff Brian Thompson ("Thompson"), seeking an order from this Court granting him summary judgment, pursuant to Federal Rule of Civil Procedure 56, and precluding Defendants Gerry Lane Enterprises, Inc. and Eric Lane[1] (collectively "Defendants") from asserting the *Faragher/Ellerth* affirmative defense.[2] Defendants oppose the motion. (Doc. 68.) Oral argument is not necessary. Jurisdiction is proper, pursuant to 28 U.S.C. § 1331. For the reasons stated herein, Thompson's motion is **GRANTED IN PART** and **DENIED IN PART**.

I.     **Background**

Thompson filed this employment discrimination lawsuit pursuant to Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"), the Louisiana

---

[1] Following Defendant Gerald R. Lane's May 2013 death, Defendant Eric Lane was named as a Defendant in his capacity as the Representative of the Succession of Gerald R. Lane. (Doc. 47.)

[2] *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

Employment Discrimination Law, La. R.S. § 23:301, *et seq.* and 42 U.S.C. § 1981. Thompson alleges that Defendants discriminated against him on the basis of his race and national origin and constructively discharged him from his sales representative position at Gerry Lane Chevrolet in Baton Rouge, Louisiana. Specifically, Thompson alleges that dealership owner, Gerald R. Lane, created a hostile work environment in which Thompson was subjected to discriminatory comments, name-calling, abusive language, intimidation, and unwelcome physical contact. Thompson further alleges that Defendants are liable for intentional infliction of emotional distress and assault and battery. According to Thompson, Defendants also retaliated against him in response to his complaints of unlawful discrimination.

As to the instant motion, Thompson seeks an order from this Court precluding Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid vicarious liability for the alleged bad acts of its supervisors who acted as the Company's proxy. Thompson also contends that Defendants cannot point to sufficient evidence to establish either prong of the two-prong *Faragher/Ellerth* defense. Thus, Thompson argues that Defendants must be precluded from asserting the defense.

In opposition, Defendants concede that they are precluded from asserting the *Faragher/Ellerth* defense in response to Thompson's allegations regarding the acts of Gerald R. Lane. Defendants argue, however, that the *Faragher/Ellerth* defense does not apply to the only other bad actor identified by Thompson, Wayne Garafola ("Garafola"), because Garafolo was not a supervisor. Accordingly, Defendants argue that the *Faragher/Ellerth* defense is inapplicable, and Thompson's motion for partial

summary judgment must be denied.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323; *Liquid Air Corp.*, 37 F.3d at 1075.

In determining whether the movant is entitled to summary judgment, the court

3

views facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997). The court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the court must deny the motion for summary judgment. *International Shortstop, Inc.*, 939 F.2d at 1263.

### III.  Analysis

The general rule is that an employer is automatically liable for its proxies' harassment of employees. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993). The *Faragher/Ellerth* defense protects an employer from vicarious liability in hostile work environment actions when no tangible employment action is taken against an employee. *See Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). *See also Casiano v. AT&T Corp.*, 213 F.3d 278, 284 (5th Cir. 2000) ("this is the employer's only affirmative defense in a supervisor sexual harassment case post *Faragher/Ellerth*, and it is available only in a hostile environment situation."). Under *Faragher/Ellerth*, an employer may avoid liability for its employees' actions by showing that "(a) that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective

4

opportunities provided by the employer or to avoid harm otherwise." *Ellerth*, 524 U.S. at 765; *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 383-84 (5th Cir. 2003). However, the *Faragher/Ellerth* defense is not available in all cases. An employer may not assert the defense in two situations when vicarious liability automatically applies: (1) when the harassing supervisor is "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy," or (2) "when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." *Ackel*, 339 F.3d at 383-84 (internal citations and quotation marks omitted).

As noted above, Defendants do not oppose Thompson's motion as it relates to the alleged acts of Gerald R. Lane. Indeed, Defendants concede that they are precluded from asserting the *Faragher/Ellerth* defense in response to Thompson's allegations regarding the acts of Gerald R. Lane because he was a proxy for the Company. (Doc. 68, p. 6.); *see also Ackel*, 339 F.3d at 383-84. Accordingly, Thompson's request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid vicarious liability for the alleged acts of Gerald R. Lane is **GRANTED**.

In support of the motion, Thompson argues that he was also subject to sexual harassment by Gerald R. Lane's personal assistant, Wayne Garafolo ("Garafolo"). However, a review of Thompson's Amended Complaint[3] reveals that Thompson failed

---

[3] Thompson originally filed this lawsuit along with ten other employees or former employees of Gerry Lane Enterprises, Inc. (Doc. 1.) Subsequently, the Court issued an order requiring the Clerk of Court to sever the claims into eleven separate lawsuits, and requiring each plaintiff to file an amended complaint. (Doc. 4.) Accordingly, Thompson filed an Amended Complaint on September 11, 2012. (Doc. 6.)

to identify Garafolo in his Amended Complaint. (Doc. 6.) Further, Thompson failed to allege any facts that would support a claim for discrimination on the basis of his sex in his Amended Complaint. (Doc. 6.) Indeed, the only allegations contained in his Amended Complaint are based on race and national origin. (Doc. 6.) Accordingly, the Court concludes that Thompson has abandoned his claim of discrimination on the basis of his sex, including his allegation that Garafolo subjected him to sexual harassment. *Minor v. Univ. of Tex. Southwestern Med. Ctr.*, No. 3:12-cv-36-G, 2013 U.S. Dist. LEXIS 96605, at *8-9 (N.D. Tx. June 13, 2013); *Melancon v. INEOS USA, LLC*, No. H-12-512, U.S. Dist. LEXIS 41137, at *6 (S.D. Tx. March 25, 2013).

In sum, because Thompson has failed to identify or allege harassment claims against any other employees, the Court need not consider whether there are genuine disputes of material fact as to one or more prongs of the two-prong *Faragher/Ellerth* defense. Accordingly, Thompson's request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for the acts of other employees is **DENIED AS MOOT**.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff Brian Thompson's Motion for Partial Summary Judgment (Doc. 66)** is **GRANTED IN PART** and **DENIED IN PART**.

- Thompson's request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for Gerald R. Lane's acts is **GRANTED**. Accordingly, Defendants are

6

**PRECLUDED** from asserting the *Faragher/Ellerth* defense in response to Thompson's allegations regarding the acts of Gerald R. Lane.

- Thompson's request that the Court preclude Defendants from asserting the *Faragher/Ellerth* defense in an attempt to avoid liability for the acts of other employees is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 10th day of September, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**